IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. 1:17-cr-00106 |
| | * | |
| **DANIEL THOMAS HERSL** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS COUNT FIVE AS DUPLICITOUS

NOW COMES, Defendant, Daniel Thomas Hersl, by and through undersigned counsel, and pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, and respectfully requests that this Court dismiss Count Five of the Indictment on the grounds of duplicity. In support of this Motion, counsel states:

1. Count Five of the Indictment charges that,

    on or about July 8, 2016, Mr. Hersl did unlawfully obstruct, delay, and affect and attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery and extortion as those terms are defined in 18 U.S.C. §1951, in that the defendants knowingly and unlawfully took and obtained, and attempted to take and obtain, from a person and presence of such person, United States currency, that is approximately $20,000, against such person's will, by means of actual and threatened force, violence and fear of injury, immediate and future, and with their consent, induced by wrongful use of actual and threatened force, violence and fear, and under color of official right.

2. Count Five alleges at least four separate offenses: robbery, extortion, attempt to commit robbery, and attempt to commit extortion. As these offenses are joined in one count, the count is duplicitous and should be dismissed.

1

3. A duplicitous indictment charges more than one offense in a single count. *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993).

4. The Hobbs Act criminalizes several distinct offenses. *United States v. Starks,* 515 F.2d 112, 116 (2nd Cir. 1975) ("The Hobbs Act criminalizes four distinct acts: Robbery, Extortion, Attempt to violate the Act and Conspiracy to Violate the Act."); *United States. v. Tibbs*, 685 Fed. Appx. 456, 464 (6th Cir. 2017) (unpublished) ("there seems to be no dispute that the Hobbs Act is divisible into distinct robbery and extortion offenses"); *United States v. Robinson*, 844 F.3d 137, 141 (3rd Cir. 2016) (acknowledging that Hobbs Act robbery and extortion are distinct offenses). *United States v. Hill*, 832 F.3d 135 (2nd Cir. 2016) (acknowledging that Hobbs Act is divisible but declining to decide whether Hobbs Act robbery is divisible).

This is so, because each aspect of the Hobbs Act requires proof of at least one element the other does not: to wit: robbery requires the Government to prove the taking in question was done against the victim's will; extortion requires the Government to prove that the taking was done with the victim's consent. *See United States v. Gooch*, 850 F.3d 285, 291 (6th Cir. 2017) *cert. denied,* 137 S. Ct. 2230 (2017) ("This difference goes not to the mere means of violating the Hobbs Act, but to "the 'constituent parts' of [the] crime's legal definition—the things the 'prosecution must prove to sustain a conviction.' " *Id*. at 2248 (quoting Black's Law Dictionary 634 (10th ed. 2014))).

5. A duplicitous indictment creates "the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." *United States v. Robinson*, 627 F.3d 941, 957 (4th Cir. 2010). If that were to occur, the possibility would exist that a defendant could be convicted without the jury's having agreed on precisely what crime he committed, thereby violating the defendant's Sixth Amendment right to a unanimous verdict. *United States v. Kakos,* 483

F.3d 441, 444 (6th Cir. 2007).

6.  In addition, a duplicitous indictment may result in "improper notice of the charges against him, prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and of course the danger that a conviction will result from a less than unanimous verdict as to each separate offense. *United States v. Kamalu,* 298 Fed. Appx. 251, 254 (4th Cir. 2008)(unpublished) (internal citations omitted).

7.  When a court finds that a count is duplicitous prior to trial, "the proper remedy is to dismiss the count or to require the United States to elect which offense it desires to pursue." *United States v. Pleasant*, 125 F.Supp.2d 173, 176 (E.D.Va.2000); *see also, e.g. United States v. Jackson*, 926 F.Supp.2d 691 (E.D.N.C. 2013).  In this case, however, permitting the Government simply to elect a charge is not sufficient.  There is an impermissible risk that a sufficient number of grand jurors failed to indict on one or the other or both charges.  In fact, it seems likely that a sufficient number did not decide that Mr. Hersl obtained property from the alleged subjects both with and without their consent.  The indictment must be dismissed.

WHEREFORE, Mr. Hersl respectfully requests that Count Five of the Indictment against him be dismissed.

Respectfully submitted,

/s/

William B. Purpura
*Purpura and Purpura*
8 E. Mulberry St.
Baltimore, MD 21202
(410) 727-8550

CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of October, the foregoing Motion to Dismiss Count Five as Duplicitous was served on Leo Wise, Assistant United States Attorney, via ECF.

                                                                                _____/s/_____
                                                                                 William B. Purpura