**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | **Criminal No. 1:17-cr-00106** |
| | * | |
| | * | |
| **DANIEL THOMAS HERSL** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MOTION TO DISMISS COUNT SIX FOR FAILURE TO STATE AN OFFENSE**

NOW COMES defendant Daniel Thomas Hersl, by and through undersigned counsel, and respectfully requests that this Court dismiss Count Six of the indictment, charging him with violating 18 U.S.C. § 924(c), on the ground that the charged underlying acts,  Hobbs Act robbery and Hobbs Act extortion, under 18 U.S.C. § 1951, do not qualify as crimes of violence.  In support of this Motion, counsel states:

1.      Count Six of the Superseding Indictment charges, in pertinent part,  that Mr. Hersl did "knowingly and intentionally possess a firearm in furtherance of a crime of violence for which [he] may be prosecuted in a court of the United States, that is, a violation of 18 U.S.C. § 1951 as set forth in Count Five of the Superseding Indictment.  Count Five of the Superseding Indictment charges that Mr. Hersl with committing  extortion and robbery and attempting to commit each of those crimes.

2.      In order to qualify as a crime of violence for purposes of 18 U.S.C. § 924(c), the

underlying offense must either be a drug trafficking crime[1], or be one that,

    (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c).  As discussed in the accompanying memorandum neither Hobbs Act extortion nor Hobbs Act robbery qualifies as crime of violence under either prong of the test.

    WHEREFORE, Mr. Hersl respectfully requests that this Court dismiss Count 6 as neither Hobbs Act robbery nor Hobbs Act extortion qualify as crimes of violence.

    Respectfully submitted,

    /s/

    William B. Pupura
    *Purpura and Purpura*
    8 E. Mulberry St.
    Baltimore, MD 21202
    (410) 727-8550

---

[1]Several defendants in this case have pled guilty to drug trafficking crimes, which unquestionably qualify under 18 U.S.C. § 924(c).  The Government, however, chose not to charge these defendants with violating the statute.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | **Criminal No. 1:17-cr-00106** |
| | * | |
| | * | |
| **DANIEL THOMAS HERSL** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS COUNT 6 FOR FAILURE TO STATE AN OFFENSE**

## I.   Introduction

Count Six of the Superseding Indictment charges, in pertinent part,  that Mr. Hersl did

"knowingly and intentionally possess a firearm in furtherance of a crime of violence for which [he]

may be prosecuted in a court of the United States, that is, a violation of 18 U.S.C. § 1951 as set forth

in Count Five of the Superseding Indictment..

.        Count Five of the Superseding Indictment, in turn, charges that Mr. Hersl

did unlawfully obstruct, delay and affect commerce, and the movement of articles
and commodities in commerce, by robbery and extortion as those terms are defined
in 18 U.S.C. 1951, in that defendants knowingly and unlawfully took and obtained
or attempted to take and obtain, from a person and presence of such person, United
States currency, that is approximately $20,000, against such person's will, by means
of actual and threatened force, violence, and fear of injury, immediate and future, and
with their consent induced by wrongful use of actual and threatened force, violance
and fear, and under color of official right.

In order to qualify as a crime of violence for purposes of 18 U.S.C. § 924(c), the underlying

offense must either be a drug trafficking crime, or be one that,

(A)      has as an element the use, attempted use, or threatened use of physical force
against the person or property of another, or

1

(B)      that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c). Neither Hobbs Act extortion nor Hobbs Act robbery qualifies under either portion of the test. First, as will be explained below, both fail to satisfy clause "A," otherwise known as the "force clause," because, when analyzed under the "catagorical approach," because the elements of each can be satisfied with actions not amounting to "violent physical force." Second, neither offense can qualify under section "B," otherwise known as the "residual clause," because that clause was rendered unconstitutional by *Johnson v. United States*. Finally, even if the Court finds the residual clause is constitutional, Hobbs Act extortion nonetheless fails to qualify under that clause

## II.   Hobbs Act Extortion and Hobbs Act Robbery Do Not Qualify as Crimes of Violence Under the Force Clause

To determine whether a predicate offense qualifies as a "crime of violence" under § 924(c), courts use the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2014). This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (citation omitted); *Royal*, 731 F.3d at 341-42; *Serafin*, 562 F.3d at 1107. Under this approach, a prior offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute – "including the most innocent conduct" matches or is narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "crime

of violence," then the statute categorically fails to qualify as a "crime of violence."   As a result, post-*Descamps,* for a crime to qualify as a "crime of violence" under § 924(c)(3)'s force clause the offense must have an element of "physical force." "Physical force" means "*violent* force" – that is "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010) (emphasis in original).

Hobbs Act Extortion cannot qualify as a crime of violence because the most innocent conduct covered by the statute does not include an element of violent physical force.  By the terms of the Hobbs Act statute,

> The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

18 U.S.C. § 1951(b)(2).  The most innocent conduct under this statute includes obtaining property from another under color of official right.   Such offenses include bribes, kickbacks, and other schemes that are at the heart of the meaning of extortion.  There is no requirement that any force be applied, much less violent, physical force.   In fact, in some cases of Hobbs Act extortion, all of the parties to the prohibited transactions are an entirely willing participants.  For example, in *United States v. Occasio*, 136 S.Ct. 142 (2016), the defendant, a police officer, was convicted of Hobbs Act extortion for a scheme in which he encouraged drivers involved in accidents to take their cars to a particular body shop, and accepted payments from the body shop in return.

Moreover,  Hobbs Act extortion may be committed by inspiring fear in a victim, but this fear need not be fear of bodily injury.  It may be fear of economic injury or damage to reputation. *See, e.g.*, *United States v. Iozzi*, 420 F.2d 512, 515 (4th Cir. 1970) ("Fear of economic loss is sufficient

to support a conviction under the Act."); *United States v. Cruz-Arroyo*, 461 F.3d 69, 74 (1st Cir. 2006) ("Under the Hobbs Act, 'fear' encompasses fear of economic loss, including the loss of business opportunities.").  Economic loss does not cause physical pain.

As Judge Bredar recently articulated, "[p]lainly.., it is possible to extort within the meaning of the Hobbs Act without applying any force whatsoever (e.g., under color of official right)." *United States v. Clarke*, 171 F. Supp. 3d 449, 454 (D. Md. 2016). Therefore, Hobbs Act extortion does not qualify as a crime of violence under the force clause.

Hobbs Act Robbery also fails to qualify as a crime of violence under the force clause.

Robbery is defined in the statute as

> the unlawful taking or obtaining of personal property form the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of taking or obtaining.

18 U.S.C. § 1951 (b)((1).  Per the terms of the statute, Hobbs Act robbery can be accomplished by placing someone in fear of injury to his *property*.  This does not require "violent force" against property under § 924(c)(3)(A),because it can be accomplished by many means short of strong physical force.[2]

### III.   Hobbs Act Extortion and Hobbs Act Robbery Do Not Qualify Under the Residual Clause, Because the Residual Clause is Unconstitutional Under Johnson v. Untited States, 135 S.Ct. 2251 (2015).

Neither Hobbs Act robbery nor Hobbs Act extortion can qualify a crime of violence under

---

[2]The Fourth Circuit is expected to resolve this issue in *United States v. Hassan Ali*, Case No. 15- 4433 or *United States v. Avery Terry*, Case No. 15-4564. These cases are currently being held in abeyance pending the outcome of *Sessions v. Dimaya,* Doc. 15-498 in the United States Supreme Court.

the residual clause of 18 U.S.C § 924(c), because that portion of the statute is unconstitutional in the wake of *Johnson v. United States*, 135 S.Ct. 2251 (2015).

In *Johnson*, the Supreme Court addressed the residual clause of the Armed Career Criminal Act. That statute deems an act a violent felony if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court found the statute to be unconstitutional on two primary grounds. First, the court focused its attention the manner in which courts determine whether a crime falls within this definition. The process involves application of the "categorical approach" as described above, to determine the elements of the offense at issue. But since the offense is not specified in the statute, courts must decide what they think the "ordinary case" of the offense at hand generally involves. The *Johnson* Court held that the ordinary case approach was too " wide-ranging" and "indeterminate," concluded that "[g]rave uncertainty" surrounded the method . *Id*. at 2557. The Court stated "The residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves," and is unconstituionally vague. *Id*. at 2558 The Court invalidated the statute on another, closely related, ground: that it was unworkable for courts to try determine, case by case, whether the level of risk posed by the "ordinary case" posed a "serious potential risk of physical injury." *Id*. at 2558. In other words, asking a court to determine the likelihood and magnitude of risk a particular "ordinary" case presented itself invited imprecision and vagueness.

The residual clause of 18 U.S.C. § 924(C)(3)(B), is similar in all relevant respects to the statute invalidated in *Johnson*. It defines a crime of violence as one which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. In order to determine whether an offense qualifies as a crime

5

of violence under this statute, and in order to determine the quantum of risk posed by it is "substantial", courts must apply the very same "ordinary case" analysis that the Court found unworkable in *Johnson*.[3]   Similarly, the court must determine the level and likelihood of risk posed by that ordinary case.  Thus, 18 U.S.C. § 924(c)(3) is unconstitutional under *Johnson.*

Even if the Court finds that the residual clause of 18 U.S.C. § 924(c) survives *Johnson,* Hobbs Act extortion still fails to qualify as a crime of violence under that clause.  Again, that clause defines a crime of violence as one which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c).  Here, the court must determine the ordinary case of Hobbs Act extortion.  As discussed above, the ordinary case of extortion involves one person providing a good or service they are not legally entitled to provide in exchange for a good or service they are not legally entitled to receive.  See *Occasio,* 136 S.Ct. at 1428  (quoting *Evans v. United States*, 504 U.S. 255, 260 (1992) (Hobbs Act extortion under the color of right is the "rough equivalent of what we would now

---

[3]The Fourth Circuit has squarely held that the "ordinary case" analysis applies when construing 18 U.S.C. § 16(b). *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014). The Fourth Circuit stated:

> [E]very set of conceivable facts covered by first-degree burglary does not have to present a serious risk of injury for it to qualify as a crime of violence. It is sufficient if 'the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another.' James, 550 U.S. at 208, 127 S.Ct. 1586. As long as an offense is of a type that, by its nature, presents a substantial risk that physical force against the person or property of another may be used, it satisfies the requirements of 18 U.S.C. § 16(b).

*Id.  Avila* controls here because § 16(b) and § 924(c)(3)(B) are identical.  The Supreme Court is currently considering whether the residual clause of 18 U.S.C. 16(b), which is identical to the residual clause of 18 U.S.C. 924(c)(3), is unconstitutional in the wake of *Johnson.  See Sessions v. Dimaya,* Doc. 15-498.

describe as 'taking a bribe.').  Each party is benefitting in that scenario, thus there is no reason, in the ordinary case, violence would result.  Moreover, by virtue of the fact that the crime can only by definition be completed by generating the consent of the party providing the property wrongly obtained, it is unlikely, rather than substantially likely, that force will be used in the commission of the crime.

Hobbs Act robbery and extortion therefore fail to qualify under 18 U.S.C. § 924(c)(3) and should be dismissed.

Respectfully submitted,

/s/

William B. Pupura
*Purpura and Purpura*
8 E. Mulberry St.
Baltimore, MD 21202
(410) 727-8550

7

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, the foregoing Motion to Dismiss Count Six for Failure to State an Offense was served on Leo Wise, Assistant United States Attorney, via ECF.


_____/s/_____
William B. Puprura