IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | Criminal No. 1:17-cr-00106 |
| | * | |
| | * | |
| DANIEL THOMAS HERSL | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT HERSL'S MOTION TO COMPEL THE PRODUCTION
OF *BRADY* MATERIAL**

NOW COMES, Defendant Daniel Thomas Hersl, by and through undersigned counsel, and respectfully requests that this Court order the Government to provide exculpatory evidence, as specified below, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). In support of this Motion, counsel states:

1.  The superseding indictment in this case charges Mr. Hersl with one count conspiring to violate RICO and one count of violating RICO. 18 U.S.C. §§ 1962(c), (d). In alleging the overt acts and rackeetering acts relevant to those charges, the Government alleges that Mr. Hersl committed the following acts which constitute robbery and/or extortion under Maryland law:

- On November 5, 2014, Mr. Hersl arrested "J.G." and seized $6000, of which he only turned in $900. The indictment is silent as to the basis for the arrest and the seizure.

- On November 27, 2015, Mr. Hersl "arrested and searched" H.T., and seizued $530, of which he only submitted $228. The indictment is silent as to the basis for the arrest and the seizure.

- On November 28, 2015, Mr. Hersl seized $500 from A.S., but only submitted $218.

1

The indictment is silent as to the basis for the arrest and the seziure.

● On July 8, 2016, based on a warrant sworn out by Government's cooperating witness Jemell Rayam, based on false information, officers, including Hersl, pulled over arrested R.H. and N.H. Ultimately the officers took R.H. and N.H. to their house, where, according to the indictment, Mr. Hersl and others located $70,000 in cash and took $20,000 of it. The indictment also indicates that Mr. Hersl took $3000 of the $20,000 at some point prior to the money's being removed from the house. The indictment is silent as to Mr. Hersl's knowledge or lack thereof regarding the validity of the warrant. The indictment also alleges that Mr. Hersl was armed at the time of the incident.

● On August 8, 2016, Mr. Hersl and other officers engaged D.A. in a high speed chase, following which he was detained, and during the course of searching his car, Mr. Hersl "stole" $7000. The indictment is silent as to the basis for the pursuit, arrest, and seizure.

● On September 7, 2016, S.S. was stopped as he was leaving a storage facility. Mr. Hersl and other officers entered the storage unit, and took $2000 from a sock. The indictment is silent as to the basis for the stop or the search.

The Government alleges that these acts constitute extortion by a public official, and/or robbery under Maryland law. The charged extortion statute provides:

> An officer or employee of the State or of a political subdivision may not *wrongfully* obtain or attempt to obtain money, property, or anything of value from a person with the person's consent, if the consent is obtained under color or pretense of office, under color of official right, or by *wrongful* use of actual or threatened force or violence.

Md. Code Ann. Crim. L, § 3-302. Robbery is a common law crime in Maryland and defined as the felonious taking and carrying away of the personal property of another, from his person or in his presence, by *violence or putting in fear*. West v. State, 539 A.2d 231 (Md. 1988). Thus, in order to be convicted under either statute, at the time of the taking of the property from another, the taker must be acting unlawfully. As a result, if in any of the incidents described above, if Mr. Hersl made an arrest based on probable cause and made a valid seizure incident to arrest, he committed no crime at the time of the taking – the property was lawfully taken from the subject of the arrest. If Mr. Hersl

2

took the money at some point thereafter, out of the presence of, and without the knowledge of the arrestee, the act was theft[1]

2.      The Government is required to turn over any evidence in its possession, control, and custody that exculpates Mr. Hersl.  *Brady,* 373 U.S. 83.  The undersigned believes that the Government is possession of evidence, provided primarily by their cooperating witnesses, baring on the validity of the arrests made by Mr. Hersl.  The undersigned has requested permission from those witness' attorneys to interview them and has been denied.  The undersigned has also made repeated requests for the Government to turn over any information in its possession regarding the validity of the arrests.  These requests have also been denied.

Moreover, the undersigned notes, for example, in the original indictment, the Government alleges the following with regard to detainee "S.S.":

> To conceal the robbery and extortion, Sargeant JENKINS and Detectives GONDO, HERSL, RAYAM, TAYLOR and WARD did not prepare an Incident Report regarding the arrest.  Sergeant JENKINS and Detectives GONDO, HERSL, RAYAM, TAYLOR and WARD did not submit to BPD the money stolen from S.S.

The Superseding Indictment, however, amends this paragraph to omit Mr. Hersl's involvement, and instead says,

> To conceal the robbery and extortion, Jr. And TAYLOR did not prepare an Incident Report regarding the arrest.  Further, J.R. and TAYLOR and M.W. did not submit to BPD the money stolen from S.S.

The unavoidable conclusion from the changes is that, at some point, the Government learned,

---

[1] The Government has not chosen to charge Mr. Hersl with theft, although that is the most obvious violation that he committed.  The Government has certainly charged other officers with theft offenses under similar circumstances.  See Attachment A.

3

presumably through proffers from its cooperating witnesses, that Mr. Hersl was not alleged to have been involved in any improper taking from S.S.   The moment those facts were uttered to the Government, they became Brady evidence, yet they were not turned over to the defense.

3.    Thus, in an abundance of caution, and to ensure that Mr. Hersl is provided any and all exculpatory evidence possessed by the Government, the undersigned requests that this Court order the Government to reveal,

- any evidence indicating that any arrest made by Mr. Hersl, which will be the subject of this proseuction[2] was based on probable cause;
- any evidence indicating that a warrantless search or seizure made by Mr. Hersl, which will be the subject of this prosecution, was a valid search incident to arrest, or based on another exception to the warrant requirement;
- any evidence indicating that Mr. Hersl was relying in good faith on the warrant obtained by Jemell Rayam in the matter of R.H. and N.H.; and
- any evidence that Mr. Hersl was not armed at the time of the R.H. and N.H incident.

WHEREFORE, Mr. Hersl respectfully requests that this Court direct the Government to provide and all evidence indicating that the seizures made by Mr. Hersl were lawful at the time the were made, and that he is therefore, not guilty of the enumerated acts of Maryland extortion/robbery or Hobbs Act extortion/robbery.

---

[2]As indicated in this Motion for Notice of Intent to Introduce Evidence of Uncharged Conduct and Prior Convictions also filed on this date, the Government has refused to indicate which, if any, incidents, other than those charged in the Superseding Indictment will be pursued at trial, to include incidents that were charged in the original indictment, and inexplicably removed from the superseding indictment.  The undersigned requests that this Court order the Government to provide information which would exculpate Mr. Hersl in any uncharged acts it intends to rely on as well.

                Respectfully submitted,

/s/
William B. Purpura
*Purpura and Purpura*
8 E. Mulberry St.
Baltimore, MD 21202
(410) 727-8550

CERTIFICATE OF SERVICE

    I hereby certify that on this 4th day of December the foregoing Motion to Compel the Production of *Brady* Material was served on Leo Wise and Derek Hines, Assistant United States Attorneys, via ECF.

                                                        _____/s/_____
                                                        William B. Purpura