IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. CCB-17-106 |
| | : | |
| DANIEL HERSL, and MARCUS TAYLOR | : | |

...o0o...

## MEMORANDUM AND ORDER

Oral argument was heard December 19, 2017 on various fully-briefed motions. Rulings now follow as to some of the motions as to which rulings were reserved.

### Motion to Dismiss Count Five as Duplicitious (ECF No. 203)

Count Five charges defendant Daniel Hersl with a violation of the Hobbs Act, 18 U.S.C. § 1951. The indictment tracks the language of the statute, which itself sets forth several ways to violate the Act. It is permissible, indeed ordinarily required, for an indictment to "allege conjunctively the disjunctive components of an underlying statute." *U.S. v. Vann*, 660 F. 3d 771, 774 (4th Cir. 2011). When the indictment charges in the conjunctive, and the statute is worded in the disjunctive, the district court may instruct in the disjunctive. *U.S. v. Perry*, 560 F.3d 246, 255-56 (4th Cir. 2009). The use of such instructions, and possibly a special verdict form, will sufficiently protect Hersl's rights and clarify the specific Hobbs Act violation, if any, the government is able to prove. Accordingly, the motion is **Denied**.

### Motion to Dismiss Count Six (ECF No. 204)

Count Six charges possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). The alleged crime of violence is the Hobbs Act offense charged in Count Five. The Hobbs Act is divisible. While extortion by consent under color of official right likely does not qualify, extortion based on consent "induced by wrongful use of actual and

threatened force, violence, and fear," like robbery, is a crime of violence under the "use of force" clause applicable to 18 U.S.C. § 924(c). *See U.S. v. Clarke,* 171 F. Supp. 3d 449, 453 (D. Md. 2016)*; U.S. v. Hancock*, 168 F. Supp. 3d 817, 824 (D. Md. 2016) (as to robbery). Based on the jury instructions and verdict sheet, as discussed above, it will be possible to determine whether any conviction on Count Five constitutes a crime of violence for purposes of Count Six. *See U.S. v. Carthorne*, 726 F.3d 503, 511 (4th Cir. 2013), *citing Descamps v. U.S.*, 133 S. Ct. 2276, 2283-85 (2013) (regarding application of the modified categorical approach); *see also Hancock*, 168 F. Supp. 3d at 821.[1]

Accordingly, the motion is **Denied**.

### Motion to Dismiss Count One – Four (ECF No. 206)

In this motion, defendant Taylor moves to dismiss the RICO charges, Counts One and Two, and the Hobbs Act and 18 U.S.C. § 924(c) charges in Counts Three and Four. Counts One and Two, however, properly and specifically charge an enterprise and a pattern of racketeering activity. There is no basis for dismissal. The motion to dismiss Counts Three and Four relies on the arguments made by defendant Hersl in ECF Nos. 203 and 204, which do not prevail for the reasons explained above.

Accordingly, the motion is **Denied**.

January 19, 2018 /S/
Date Catherine C. Blake
United States District Judge

---

[1] I recognize that the *Clarke* and *Hancock* opinions find the Hobbs Act divisible only into robbery and extortion. In neither opinion, however, did the judgment need to decide whether extortion was further divisible. Based on the separate elements, I conclude that it is.