

**U.S. Department of Justice**

*United States Attorney
District of Maryland*

---

Leo J. Wise
Assistant United States Attorney
Leo.Wise@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4909
MAIN: 410-209-4800
FAX: 410-962-3091

March 7, 2017

Justin Eisele
Seddiq Law Firm
14452 Old Mill Road, Suite 201
Upper Marlboro, MD 20772

      Re:    Discovery Agreement
              United States v. Marcus Roosevelt Taylor
              Criminal NO. JKB-17-0106

Dear Counsel:

     I write to set forth the conditions on which the Government is willing to make discovery in this case. Under Rule 16 of the Federal Rules of Criminal Procedure, discovery is to be given "upon request", and I understand that you do request discovery. Therefore, I also request discovery pursuant to Rule 16(b).

The Government will provide discovery pursuant to and as defined in Rule 16 on the following basis:

1. Upon signing this agreement, the Government shall provide you with Rule 16 discovery currently in its possession and with additional discovery, as it becomes available, on a rolling basis.

2. Jencks material as defined in 18 U.S.C. § 3500, along with related *Giglio* material such as witness' plea agreements, criminal convictions and prior inconsistent statements, will be provided no later than 2 weeks prior to any trial in which your client is a defendant. *Brady* material which is not otherwise included in the Rule 16, Jencks or *Giglio* material referred to above will be provided if and when discovered. Jencks material is defined for purposes of this agreement in accordance with the specific provisions of 18 U.S.C. § 3500. Jencks material is given on agreement that reciprocal Rule 26.2 material will be provided by you at the same time I provide Jencks material.

3. Since this case may involve tape recorded conversations, call summaries and draft transcripts may have been prepared for some conversations. Available call summaries and draft transcripts which are provided to counsel or any other attorney are intended solely to serve as an aid to such counsel. The government does not warrant the correctness of any summary, draft transcript or other draft document and <u>counsel agrees not to use said documents for any purpose at the trial of this matter, including, but not limited to, use in cross-examination of the government's witnesses.</u> The government will provide final transcripts to phone conversations it will use at trial no later than one week days before the commencement of jury selection.

4. The government agrees that at the same time that it provides Rule 16 material, it will provide notice of the existence of alleged other crimes, wrongs or acts committed by your client pursuant to Rule 404(b) of the Federal Rules of Evidence, along with copies of all physical and documentary evidence believed by the government to fall within the ambit of Rule 404(b) which the government intends to introduce at trial in its case-in-chief. The government acknowledges its continuing duty to disclose Rule 404(b) evidence as it is recognized as such after the time period in which the government has provided Rule 16 material.

5. The government reserves the right to provide later notice of Rule 404(b) and Rule 16 material if the government believes that disclosure of such information will pose a security risk to any witness. As to any such witness, the government will disclose all Jencks material and all Rule 404(b) evidence at the same time.

6. All discovery is provided on the condition that counsel will not give copies of this material to the client or to anyone outside counsel's office, absent prior approval of this office. Counsel may of course review this material with the client at any time or place, and may provide copies to any expert consulted by the defense. If copies are provided to an expert, defense counsel must instruct the expert that further disclosure of the documents is prohibited absent prior approval of this office.

7. Should counsel file any routine motion with the Court which seeks discovery pursuant to Rule 16 or *Brady*, then this discovery agreement will be void, and the Government is not bound by any of the provisions herein. Specifically, Jencks and *Giglio* material may not be provided until the first day of trial if the defendant should file such a motion.

8. Should counsel file any motion with the Court which seeks material under the Jencks Act, then this agreement is void and Jencks and *Giglio* material may not be provided until the first day of trial.

9. The Government may be providing, as a courtesy, material which is not discoverable under Rule 16, Jencks, *Giglio* or *Brady*. The fact that certain non-discoverable materials are provided in no way obligates the Government to provide all non-discoverable materials, and the fact that certain non-discoverable materials are

provided should never be taken as a representation as to the existence or non-existence of any other non-discoverable materials.

10. Please note that it is the policy of this Office that the government will not stipulate to a three level reduction in offense level pursuant to §3E1.1 of the United States Sentencing Guidelines unless the defendant has entered into a signed written plea agreement with the government on or before the date set for the filing of pretrial motions.

Please indicate your consent to this discovery agreement by signing and returning to me a copy of this letter. I urge you to call or write me with any questions that arise, as we may be able to resolve any questions without the filing of motions and responses with the Court.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Leo J. Wise
Derek Hines
Assistant United States Attorneys

AGREED

_____
Justin Eisele, Esq.
Counsel for Defendant