UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

Daniel Thomas Hersl

Criminal No. 1:17-cr-00106

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (28 U.S.C. § 2255)
Addendum I

The motion to vacate, set aside, or correct sentence (28 U.S.C. § 2255), submitted on January 4, 2020 is hereby supplemented by this Addendum I. This addendum contains Exhibit L whereas Exhibits A thru K are attached to the 2255 motion.

It is requested that the court freely give leave so justice may be served. Due to his limited legal knowledge and difficulty to fully access resources, Hersl respectfully request the court to construe this motion liberally. Hersl has prepared this addendum in partnership with his family.

## Introduction

After Hersl's family received his case files from attorney William Purpura in piecemeal starting on or around February 21, 2020, Hersl has put together claims of ineffective counsel and prosecutorial misconduct with regard to the alleged Jimmie Griffin, Herbert Tate, and Antonio Santiful robberies.

In addition Hersl backs-up his all inclusive prosecutorial misconduct claims with new supporting evidence presented in current case number 1:20-cv-00068-RDB, Attkisson vs Rosenstein, et al, in the Federal District Court of Maryland.

### III. Ineffective Assistance of Counsel

(The 2255 motion dated January 4, 2021, Section III. Ineffective Assistance of Counsel covers subsections A thru E. This addendum continues with section F.)

1

**F. Defense Counsel Failed to Properly Defend Against Jimmy Griffin Robbery**

In accordance with Criminal Justice Standards for the Defense Function, Standard 4-4.6 Preparation for Court Proceedings, and Recording and Transmitting Information,

> (a) Defense counsel should prepare in advance for court proceedings. Adequate preparation depends on the nature of the proceeding and the time available, and will often include: reviewing available documents; considering what issues are likely to arise and the client's position regarding those issues; how best to present the issues and what solutions might be offered; relevant legal research and factual investigation; and contacting other persons who might be of assistance in addressing the anticipated issues. If defense counsel has not had adequate time to prepare and is unsure of the relevant facts or law, counsel should communicate to the court the limits of the defense counsel's knowledge or preparation.

With regard to the Jimmie Griffin robbery, Defense Counsel did not prepare in advance of court proceedings.

> **GROUND 30** – Defense Counsel Did Not Fully Study nor Fully Understand the Details of the Jimmie Griffin Case
> Violation: Ineffective Defense Counsel – Sixth Amendment violation
> Violator: Defense Counsel
> Evidence: Trial Transcripts; Open Letter Arguments; and George Lee Civil Case File and Video

The material facts concerning the Jimmie Griffin robbery are discussed by Hersl in his open letters 0018 thru 0024 of Exhibit B. Of particular importance is that in accounting for his money, Jimmie Griffin negates to include $8,500 taken by his drug supplier George Lee. To cover his tracks, on the witness stand, Jimmie Griffin committed perjury by stating he did not know George Lee. However, in a prior civil trial, George Lee acknowledged being friends with George Lee and the evidence showed George Lee leaving Jimmie Griffin's house with $8,500.

Defense counsel did not press government witness Jimmie Griffin on his relationship with drug supplier George Lee or for a true accounting of his money. If Defense Counsel would have seriously studied the Jimmie Griffin case and George Lee civil case and zealously defended during cross examination, the facts on the case and the perjury committed by Jimmie Griffin would have been clear to the confused jury. Clarification under such a zealous defense would have most probably obtained a verdict where neither robbery nor extortion regarding Jimmie Griffin was proved.

The Criminal Justice Standards for the Defense Function, Standard 4-1.2 (b) titled Functions and Duties of Defense Counsel states:

> (b) Defense counsel have the difficult task of serving both as officers of the court and as loyal and zealous advocates for their clients. The primary duties that defense counsel owe to their clients, to the administration of justice, and as officers of the court, are to serve as their clients' counselor and advocate with courage and devotion; to ensure that constitutional and other legal rights of their clients are protected; and to render effective, high-quality legal representation with integrity

With regard to the Jimmie Griffin verdict, Defense Counsel did not render effective high-quality legal representation. Defense Counsel did not perform a post trial review of the case in order to rectify any errors, thus failing in his integrity to back his work effort. In Hersl's open letters 018 thru 024, the proof of Jimmie Griffin committing perjury is laid out. Defense Counsel did not pursue perjury charges against Jimmie Griffin.

> **GROUND 31** – Defense Counsel Neither Challenged Unsupported Verdict With Regard to Jimmie Griffin nor Perform a Post Trial Review of the Case.
> Violation: Ineffective Defense Counsel – Sixth Amendment violation
> Violator: Defense Counsel
> Evidence: Trial Transcripts, Verdict Sheet

Throughout the trial and specifically the closing statement the government stated that Jimmie Griffin gave consent to be searched and such consent constituted extortion and not robbery. In the

3

closing argument, the government further instructed the jury that if they found Hersl guilty, they should select extortion on the verdict sheet.

The jury selected robbery, NOT extortion on the verdict sheet.

Overall, the government's case against Hersl with regard to Jimmie Griffin was always extortion and not robbery. The verdict sheet should have only stated extortion in lieu of providing a selection of extortion or robbery. Obviously, the jury was confused and found Hersl guilty on a charge of robbery when robbery was never proved, nor was it ever intended to be proved. The Griffin case was always undisputed with regard to Griffin giving consent for a search of his person.

After the verdict was read, defense counsel had the obligation to his client to challenge the jury's verdict. Defense Counsel did not challenge the verdict.

> **GROUND 32** – Defense Counsel Did Not Pursue Perjury Charges Against Griffin
> Violation: Ineffective Defense Counsel – Sixth Amendment violation
> Violator: Defense Counsel
> Evidence: Trial Transcripts, Open Letter Arguments and George Lee Civil Case

As discussed in open letters 018 thru 024, Exhibit B, Jimmie Griffin committed perjury. Defense counsel knew of the high probability of perjury being committed, was not up to speed on the case, and either ignored the facts or intentionally failed to investigate and/or pursue perjury against Jimmie Griffin.

*Relief Sought on Jimmie Griffin Case*
A change in verdict would reflect a more innocent appearance on the part of Hersl and could have a positive synergistic effect on other jury decisions. In addition, the total negligence on the part of Defense Counsel coupled with a jury that was confused warrants a new trial.

## G. Defense Counsel Did Not Defend Against RICO Charges

The Criminal Justice Standards for the Defense Function, Standard 4-1.2 (b) titled Functions and Duties of Defense Counsel states the defense Counsel is to:

> (b) "… ensure that constitutional and other legal rights of their clients are protected; and to render effective, high-quality legal representation with integrity"

With regard to RICO charges, Defense Counsel did not ensure Hersl's constitutional and other legal rights were protected; and did not render effective, high-quality legal representation with integrity"

> **GROUND 33** – Defense Counsel Did Not Challenge Baltimore Police Department (BPD) Being the Enterprise Associated with the RICO Charges
> Violation: Ineffective Defense Counsel – Sixth Amendment violation
>      Lack of Procedure Due Process – Fourteenth Amendment violation
> Violator: Defense Counsel
> Evidence: Indictment, Government's Response to Pretrial Motions

In their Omnibus Response to Defendant's Pretrial motions, pages 6-7, dated December 12, 2017, the government defined the conspiracy to be:

> "The original members of the charged conspiracy were Jenkins, Hendrix, Taylor and Ward. It began in 2015 when Jenkins led a Special Enforcement Section (SES) unit of the BPD. Taylor, Hendrix and Ward were members of Jenkins SES unit. When Jenkins became the officer-in-charge (OIC) of the Gun Trace Task Force (GTTF) on June 13, 2016, he brought Taylor, Hendrix and Ward with him. Hersl, Gondo and Rayam were already members of the GTTF when Jenkins became the OIC. The overt acts concerning the July 8, 2016, robbery / extortion of R.H. and N.H., see Count One at ¶¶ 38-50, and the August 8, 2016, robbery / extortion of D.A. specifically allege Hersl robbed civilians, Count One at ¶¶ 72-76"

Within the RICO law "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. The prosecutor has taken a broad view and defined BPD as the enterprise whereas a true focus of the organized crime should construe criminal associations-in-fact narrowly in order to promote a reasoned application of the statute.

Thus, a well defined "corrupt organization" would be the Jenkins' rogue organization and not the BPD.

The difference between the BPD and the Jenkins' rogue organization is the BPD affects interstate commerce and the Jenkins' rogue organization does not.

Thus, the GTTF case is not a Federal RICO case but a State RICO Case with jurisdiction belonging to the State of Maryland.

A motion to dismiss the RICO charges was not sought by Defense Counsel and thus the out of jurisdiction RICO charges were allowed to go forward.

*Relief Sought*

The Federal indictment against Hersl should be dismissed and the conviction overturned.

> **GROUND 34** – Defense Counsel Did Not Challenge RICO on Griffin, Tate, and Santiful Robberies
> Violation: Ineffective Defense Counsel – Sixth Amendment violation
> Violator: Defense Counsel
> Evidence: Indictment, Government's Response to Pretrial Motions

As mentioned in Ground 33, the prosecutor specifically defined the conspiracy group in his response to pretrial motions. RICO Law and its associated stiffer sentencing is based on the premise that an "organized gang" can more freely commit crimes and is thus more dangerous to society than an "individual" committing crimes. The alleged extortion of Griffin, and robberies of Tate and, Santiful had NO BASIS for being part of the RICO charges. Hersl was convicted of robbing

6

Griffin, Tate and, Santiful as an individual not associated with any criminal conspiracy or "organized gang". These alleged robberies were never associated with any conspiracy stated by the government.

Removal of these robberies from the RICO charges would have a three (3) point downward effect on the sentencing guideline calculation. Also, removal of these robberies would also reflect a more innocent appearance on the part of Hersl and would have a positive synergistic effect on other jury decisions. However, the overall negative effect these three robbery charges had on the trial warrant a new trial without the added complexity of the subject robberies.

## IV. Prosecutorial Misconduct

### A. Corresponding Grounds (Continued)

According to ABA Prosecutorial Function Standard 3-1.4 (b):

> (b) The prosecutor should not make a statement of fact or law, or offer evidence, that the prosecutor does not reasonably believe to be true, to a court, lawyer, witness, or third party, except for lawfully authorized investigative purposes. In addition, while seeking to accommodate legitimate confidentiality, safety or security concerns, a prosecutor should correct a prosecutor's representation of material fact or law that the prosecutor reasonably believes is, or later learns was, false, and should disclose a material fact or facts when necessary to avoid assisting a fraudulent or criminal act or to avoid misleading a judge or factfinder.

With regard to the Jimmie Griffin case, the prosecutor offered evidence which he could not reasonably believe to be true

> **GROUND 35** – Prosecutor Suborned Perjury
> Violation: Prosecutorial Misconduct – Sixth Amendment violation
> Violator: Prosecutor
> Evidence: Trial Transcripts, Open Letter Arguments and George Lee Civil Case

7

The prosecutor provided evidence of Jimmie Griffin's monetary accounting which was false and unsustainable. This evidence was coupled with evidence of Jimmie Griffin deny knowing his drug supplier George Lee. Together, both items of false evidence were material in justifying Jimmie Griffin's story of being robbed. The information is blatantly deceitful, but was allowed to be brought forth by the prosecutor in an act of suborning perjury. See details in Ground 30 and open letters 018 thru 024 of Exhibit B.

According to ABA Prosecutorial Function Standard 3-8.1, the duty to defend conviction is not absolute.

> "The prosecutor has a duty to defend convictions obtained after fair process. This duty is not absolute, however, and the prosecutor should temper the duty to defend with independent professional judgment and discretion. The prosecutor should not defend a conviction if the prosecutor believes the defendant is innocent or was wrongfully convicted, or that a miscarriage of justice associated with the conviction has occurred.

The prosecutor claimed he proved the Jimmie Griffin case was extortion and not robbery based on Jimmie Griffin giving consent to search his person. The issue of consent was not in dispute. The prosecutor instructed the jury in closing argument that based on the evidence they must convict on extortion and not robbery. The jury was given a choice on the verdict sheet between extortion or robbery or neither. The jury, for no apparent reason other than confusion, selected robbery on the verdict sheet. After the verdict, defense counsel did not challenge the verdict (see Ground 31). As an officer of the court, the prosecutor wrongfully remained silent as well.

> **GROUND 36** – Prosecutor Allowed Unsupported Robbery Verdict Regarding Jimmie Griffin to Stand
> Violation: Prosecutorial Misconduct – Sixth Amendment violation
> Violator: Prosecutor
> Evidence: Trial Transcripts, Open Letter Arguments and George Lee Civil Case

**GROUND 37** – Prosecutor Did Not Pursue Perjury Charges Against Griffin

Violation: Prosecutorial Misconduct – Sixth Amendment violation

Violator: Prosecutor

Evidence: Trial Transcripts, Open Letter Arguments and George Lee Civil Case

If the prosecutor did not suborn perjury but was oblivious to Jimmie Griffin's deceitful testimony, then the prosecutor, Leo Wise, should have pursued perjury charges when this issue was brought to his attention on April 23, 2020.

*Relief Sought on Jimmie Griffin Case*

The lack of integrity by the prosecutor, an officer of the court, was counterintuitive to the behavior expected of a public servant. Such disregard for seeking true justice by the prosecutor warrants a new trial.

## B. Standing Complaint of Prolonged and Widespread Corruption Against Maryland U.S. Attorney Rod Rosenstein

According to ABA Prosecutorial Function Standard 3-1.2 (b), the functions and duties of the prosecutor are:

> (b) The primary duty of the prosecutor is to seek justice within the bounds of the law, not merely to convict. The prosecutor serves the public interest and should act with integrity and balanced judgment to increase public safety both by pursuing appropriate criminal charges of appropriate severity, and by exercising discretion to not pursue criminal charges in appropriate circumstances. The prosecutor should seek to protect the innocent and convict the guilty, consider the interests of victims and witnesses, and respect the constitutional and legal rights of all persons, including suspects and defendants.

In Hersl's case, and corroborated with the Sharyl Attkisson case (1:20-cv-00068), Rod Rosenstein, the former chief federal prosecutor and chief federal law enforcement officer in the State of

Maryland did not seek justice; did not serve the public interest; did not act with integrity; did not seek to protect the innocent; and did not respect the constitutional rights of all persons.

**GROUND 38** – Maryland U.S. Attorney Lacks Credibility and Trustworthiness
To Criminally Investigate, Convey a Grand Jury, and Prosecute Fairly

Violation: Prosecutorial Misconduct – Sixth Amendment violation

Lack of Due Process - Sixth Amendment violation

Lack of Equal Protection Under the Law – Fourteenth Amendment Violation

Violator: Former Maryland U.S. Attorney, Rod Rosenstein

Evidence: All Accumulative Prosecutorial Misconduct Grounds Within This 2255 Motion; Corroborating Trial Evidence in Maryland Federal District Court Case 1:20-cv-00068-RDB; and information reported by Sharyl Attkisson on her website *sharylattkisson.com*

*Attkisson Case*

In case 1:20-cv-00068-RDB, Sharyl Attkisson, a former award-winning journalist for CBS News and other media organizations, presented undisputed forensic evidence that her personal computer systems were hacked and illegal warrantless surveillance was conducted by government operatives. In this newly reopened case, Ms Attkisson alleges former Maryland U.S. Attorney, Rod Rosenstein, was the person responsible in leading a group of multi-agency federal agents located in Baltimore in illegal covert operations. The agents include Shawn Henry (FBI); Sean Wesley Bridges (U.S. Secret Service); Robert Clarke (member of the Silk Road Task Force); Ryan White (DOJ Contractor); and unknown named agents 1-50 of the Department of Justice.

Ryan White worked as an undercover informant for the Department of Justice and as a contractor operating out of the Baltimore office under a group supervised by Rosenstein. In this capacity, White conducted work for the FBI, United States Secret Service, Drug Enforcement Administration and the Bureau of Alcohol Tobacco and Firearms, where he and others were ordered to illegally hack into computer systems, servers, emails and phones.

White has come forward and told his story regarding Rosenstein stating in writing, "This is an important case that will reveal deliberate and horrible crimes committed not only against Ms.

Attkisson, and her family, but against The United States, its Citizens, and many others." See attached Exhibit L

Plaintiff Attkisson's investigator has interviewed White, a Government whistleblower (and named Defendant). During the interview, White made the following significant assertions:

- White worked with defendants Sean Bridges (who was then a Secret Service agent) and the FBI's Shawn Henry in Baltimore and reported directly to defendant Rod Rosenstein.
- White and Agent Bridges were ordered to conduct various clandestine operations involving hacking computer systems, servers, emails, and phones.
- White and Agent Bridges were directly involved in the illegal surveillance of the Atkinson's' computers and the exfiltration of data.
- The rogue order to target the Atkinson's came directly from Agent Henry and Rosenstein.
- Later, Agent Bridges and another federal agent were convicted of corrupt acts for their involvement in the Government's notorious Silk Road Task Force, also based in Baltimore, in which corruption by federal agents was uncovered, resulting in the convictions of Bridges and another federal agent.

This information—to be further developed during discovery—places the Government's repeated stonewalling of this case in a new and more nefarious light. It now appears that the Government has been using procedural obstacles and motions to deliberately obfuscate and run out the clock on this litigation despite the merits of the claims. The Government's new 12(b) motion, throwing up a laundry list of procedural objections—some bordering on the frivolous—must be viewed in this context.

### Hersl Case

Like the Attkisson case, Hersl's case has been plagued by a lack of being able to view discovery; over-protected discovery; 4th Amendment violations of illegal seizures; and corruption within the prosecutorial investigation team. In addition, Hersl has endured torture and being forced to work under dangerous and life threatening conditions. Also, Hersl realizes he has been set-up with the aid of agents working under the supervision of Rod Rosenstein.

The forensic evidence in Hersl's case of investigative and prosecutorial wrong doing is blatant, deceptive and illegal. The forensic evidence of wrong doing in the Attkisson case is also blatant, deceptive and illegal. All of the incriminating forensic evidence involving both the Hersl case and the Attkisson case point to criminal behavior centered on Rod Rosenstein and agents under his command.

### Relief Sought

Due to the overwhelming prosecutorial misconduct in Hersl's case coupled with the strong corroborating evidence of the Attkisson case, Hersl request immediate release from prison due to the widespread and longstanding corruption associated with Rod Rosenstein and some known and some unknown agents under his command.

## RELIEF REQUESTED

Wherefore, Daniel Thomas Hersl respectfully moves this Honorable Court to vacate his conviction/sentence and/or to grant him all relief to which he may be entitled, pursuant to this 28 U.S.C. 2255 Motion. Hersl further asks that the Court grant the following:

1. Court appointed Counsel

2. Full access to all case discovery documents for review and analysis

3. Full transcripts of Grand Jury Proceeding for review and analysis of prosecutor misconduct associated with 1) non-disclosure of exculpatory evidence (May 27, 2016, Gondo/Rayam phone conversation) 2) non-disclosure of full facts regarding reward and compensation vs time and attendance fraud 3) non-disclosure of full exculpatory evidence regarding Hamilton robbery

4. Discovery into illegal communications regarding the GTTF investigation by member(s) of the investigation team to outside sources.

5. An evidentiary hearing

## VERIFICATION

I have read the foregoing "MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE" 28 U.S.C. 2255 and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at the U.S. Medical Center for Federal Prisoners, Springfield, Missouri, on this 8th Day of February, ~~2020~~ 2021.

Respectfully submitted,

*/s/ Daniel Thomas Hersl* / *[witness signature]*

Daniel Thomas Hersl
Federal Inmate # 62926-037

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that the forgoing 28 U.S.C. 2255 Motion was placed in the prison's internal mail system, postage pre-paid, for service upon this Court via U.S. mail on this ____ Day of _____, 2020 to:

> United States District Court
> Office of the Court's Clerk
> 101 West Lombard Street
> Baltimore, Maryland 21201

Mr. Hersl respectfully requests the Court's Clerk Office to serve all other interested parties by electronic notification and serve the movant with a stamped and filed copy of this motion.

14