# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | **CRIMINAL NO. 14-271-ELH** |
| | ) | |
| **KEYON PAYLOR,** | ) | |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | |

## GOVERNMENT'S MOTION TO REDUCE SENTENCE
## PURSUANT TO RULE 35

The United States of America, by and through its undersigned attorneys, and pursuant to Rule 35(b)(2)(C) of the Federal Rules of Criminal Procedure, respectfully requests that this Court reduce the defendant's sentence from 60 months imprisonment to time served followed by three years of supervised release, in recognition of his substantial assistance. In support of this motion, the government states as follows.

## PROCEDURAL BACKGROUND

The defendant plead guilty to a one-count Indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On July 22, 2015, the defendant was sentenced to 60 months imprisonment, followed by three years supervised release. The defendant received credit for time served beginning January 2, 2014. To date, the defendant has served 1280 days of his sentence of incarceration (approximately 3.5 years of his 5 year sentence). While serving his sentence, the defendant has cooperated in a law enforcement investigation related to *United States v. Momodu Gondo, et al.*, Cr. No. 17-106-JKB. The defendant has provided substantial assistance to the government.

108

## ARGUMENT

Rule 35 of the Federal Rules of Criminal Procedure provides that:

> [u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: … (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. Proc. 35(b)(2). Reducing the defendant's sentence at this time is appropriate because the defendant provided information to the United States that has substantially assisted the United States in an ongoing investigation. The usefulness of this information could not have reasonably anticipated by the defendant until more than one year after his sentencing and was promptly provided to the United States by the defendant.

In addition to his post-sentencing cooperation, the defendant has a satisfactory record at the Bureau of Prisons to date. Under his current sentence of 60 months incarceration, the Bureau of Prisons calculates that the defendant will earn the maximum amount of good time credit – 235 days – and he has an expected release date of May 12, 2018. The United States believes that a sentence reduction to time served (a sentence of approximately 48 months) followed by three years of supervised release is appropriate for the foregoing reasons, and for reasons which will be presented to the Court at a hearing on the motion.

## CONCLUSION

The defendant provided substantial assistance to the United States. In light of this and the defendant's record of good conduct while incarcerated, the government respectfully requests that this Court reduce the defendant's sentence from 60 months to time served, followed by three

years of supervised release.

                Respectfully submitted,

                STEPHEN M. SCHENNING
                ACTING UNITED STATES ATTORNEY

By:\_\_\_\_\_/s/_____
      Derek E. Hines
      Leo J. Wise
      Assistant United States Attorneys
      36 South Charles Street
      Fourth Floor
      Baltimore, Maryland 21201
      (410) 209-4800

Date:   July 5, 2017.

Case 1:14-cr-00271-ELH   Document 98-12   Filed 03/12/18   Page 5 of 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing were sent electronically to counsel for the defendant.

_____/s/_____
Derek E. Hines
Assistant United States Attorney