IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   Crim. No. GLR-17-0106-3 |
| DANIEL HERSL | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## EMERGENCY MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. §3852(c)(1)(A)(i)

Comes Now Petitioner, Daniel Hersl, by and through undersigned counsel and hereby respectfully moves this Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for a reduction in sentence. Mr. Hersl is 53 years old. He was recently diagnosed with metastatic prostate cancer that has metastasized to lymph nodes, liver, both lungs, one rib and upper sacrum. As of September 22, 2023, Dr. Scott R. Moos, Medical Officer, U.S. Medical Center for Federal Prisoners Springfield, Missouri, concluded that Mr. Hersl's life-expectancy is **"less than 18 months** (Ex.1)**."**

The compassionate release statute allows courts to reduce sentences for "extraordinary and compelling" reasons. Such reasons are present in this case. Mr. Hersl has exhausted his administrative remedies. Mr. Hersl respectfully asks this Court to reduce his sentence of 216 months to time-served. Mr. Hersl does not object to this Court modifying his term of supervised release to include home detention for an extended period. Mr. Hersl proposes a suitable release plan that would allow him to receive appropriate palliative medical care while on home detention in Baltimore, Maryland.

I.      PROCEDURAL HISTORY

On February 13, 2018, a jury found Mr. Hersl guilty of RICO Conspiracy 18 U.S.C. § 1962(d); Hobbs Act Robbery 18 U.S.C. § 1951 and Not guilty of Possession of a Firearm in Furtherance of a Crime of Violence 18 U.S.C. 924(c). On June 22, 2018, Mr. Hersl was sentenced to a total term of imprisonment of 213 months.  He has been incarcerated without any infractions since March 1, 2017.  His projected release date is July 10, 2031.

The original prosecutors, Leo Wise and Derek Hines are not presently actively working in Maryland's United States Attorney's Office. On October 11, 2023, counsel was advised that the prosecutor presently assigned to the case, AUSA Harry Gruber would not be handling this matter, and that Mr. Gruber was "trying to find an AUSA to take it on since Leo has departed." As of the filing of this motion, counselor is unaware if an AUSA has been assigned. Due to the present medical condition of Mr. Hersl, counsel respectfully requests that the time for the government's response be limited to **5 days.**

        **REQUEST FOR COMPASSIONATE RELEASE**

Pursuant to § 3582(c)(1)(A)(i), a court is permitted to consider motions filed by the defendant so long as "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf", or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, the timing provision has been satisfied. Mr. Hersl's second compassionate release request was submitted to the warden on August 29, 2023. Thirty days has elapsed without a response from the warden.

      **II.**      **MEDICAL DIAGNOSIS**

Mr. Hersl is presently housed at the U.S. Medical Center Springfield, Missouri. Attached to this motion is the Reduction of Sentence Special Progress Note, by Medical Officer Dr. Scott

R. Moose. This one-page report succinctly outlines Mr. Hersl's medical treatment, present terminal condition and recommendation that Mr Hersl, "appears eligible for compassionate release consideration for terminal medical condition." Prostate cancer was first suspected, December 22, 2022, when a PSA (prostrate specific antigen) showed a progression from 8 to 25. In February 2023 a needle biopsy was performed confirming cancer in 12 cores. August 2023 a Pylarify PET [1] was performed concluding that that the cancer had metastasized to the "lymph nodes, liver, both lungs, one rib and upper sacrum." A September 2023 oncology consultation with Dr. Tummala from Mercy Hospital Springfield Missouri concluded that cancer would "likely be terminal" with palliative treatment for pathological bone fractures[2] and pain due to spread of cancer. Conclusion: "Current treatment is not likely curative, so treatment is palliative[3] (and marginally life-extending). Average life-expectancy is less than 18 months."

### III. ARGUMENT

Section 3582(c)(1)(A), as amended by the First Step Act of 2018, vests this Court with the authority to reduce a sentence if: (1) the defendant presents "extraordinary and compelling reasons" warranting a sentence reduction; (2) a reduction would be consistent with "applicable policy statements" issued by the Sentencing Commission; and (3) the § 3553(a) sentencing factors merit a reduction. As the Fourth Circuit has held, however, there is currently no "applicable" policy statement governing § 3582(c)(1)(A) motions filed by defendants. *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker*, 976

---

[1] Pylarify (piflufolastat F 18) injection is a radioactive diagnostic agent indicated for position emission tomography (PET) https://www.pylarify.com
[2] Pathologic fractures occur through areas of weakened bone attributed to either primary malignant lesions, metastasis…with the common factor being altered skeletal biomechanics secondary to pathologic bone. National Institute of Health https://www.ncbi.nih.gov
[3] Palliative care: Medical caregiving approach aimed at optimizing quality of life and mitigating suffering among people with serious, complex, and often terminal illness. National Institute on Aging https://nianih.gov

F.3d 228, 230 (2d Cir. 2020)).  In the absence of an "applicable" policy statement governing motions filed by defendants, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'"  *Id.* (emphasis in original); *see also United States v. Long*, 997 F.3d 342 (D.C. Cir. 2021); *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021); *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020).  *But see United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021).

    A reduction is warranted in this case. A diagnosis of terminal cancer that has spread throughout Mr. Hersl's body accompanied by the high risk for pathological bone fractures and incredible pain, coupled with present inability of the U.S. Medical Center to timely treat Mr. Hersl represents an "extraordinary and compelling reason" for relief under the compassionate release statute and the sentencing factors of 18 U.S.C. § 3553(a) – including Mr. Hersl's efforts at rehabilitation, low risk of recidivism, and lack of any infractions over seven years of incarceration, support the reduction in his sentence.

    Equally, if not more culpable co-defendants who cooperated and did not go to trial have already been released from the BOP or will be released within the next 10 months. Momodu Gondo sentenced to 120 months, release date September 7, 2024. Evodio Hendrix and Maurice Ward, both sentenced to 84 months, were released February 16, 2022. The motion should be granted, and Mr. Hersl's sentence should be reduced to time served to allow him to receive proper palliative medical care prior to his death.

    **Release Plan**

If released from custody, Mr. Hersl will reside with family members, names and addresses not included in this motion and will be given to the Court and US Probation. Family members will work in unison to help provide food, lodging and travel for palliative treatment. In his last month's Mr. Hersl would be able to share in the life of his 16-year-old son, Colin Brett Hersl. They both have maintained a strong bond by communicating by letter and mail daily since Mr. Hersl was first incarcerated. Medical and palliative treatment would be arranged through the University of Maryland Upper Chesapeake Hospital.

## CONCLUSION

For the foregoing reasons, Petitioner Daniel Hersl respectfully requests that this Court Order the government to respond to this motion in 5 days and grant this motion for compassionate release and reduce his sentence to time-served so that he may receive proper palliative treatment for his prostate cancer that has metastasized throughout his body and to spend his remaining time with his family.

Respectfully submitted,

/s/

William B. Purpura
Purpura & Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
(410) 727-8550 (tel.)
(410) 215-0759 (cell)
*Attorney for Petitioner*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day, October 17, 2023, a copy of the foregoing was served on all parties via. ECF.

                                                                                                                           /s/\
                                                                                                  William B. Purpura