```
                   IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
                            NORTHERN DIVISION

UNITED STATES OF AMERICA,    )
     Plaintiff,              )
                             )
     vs.                     )  CRIMINAL CASE NO. CCB-17-106
                             )
DANIEL THOMAS HERSL,         )
     Defendant.              )
_____)


                         Friday, June 22, 2018
                             Courtroom 1A
                          Baltimore, Maryland


           BEFORE:  THE HONORABLE CATHERINE C. BLAKE, JUDGE


                 MOTION FOR NEW TRIAL - SENTENCING

For the Plaintiff:

Leo J. Wise, Esquire
Derek E. Hines, Esquire
Assistant United States Attorneys

For the Defendant:

William Purpura, Jr., Esquire

Also Present:

Gina Swillo, U.S. Probation Officer
Special Agent Kevin Bodmer, FBI
_____



                            Reported by:

                      Douglas J. Zweizig, RDR, CRR
                      Federal Official Court Reporter
                     101 W. Lombard Street, 4th Floor
                         Baltimore, Maryland  21201
```

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**EXHIBIT 1**

```
 1              THE COURT:  -- mental health.
 2           Is there anything specific by way of recommendation to
 3   the Bureau of Prisons that you would be looking for?  I think
 4   designation of the facility is complex because of his prior
 5   employment, but --
 6              MR. PURPURA:  Actually, obviously, I hope -- and I
 7   spoke to the BOP, and hopefully they can do what's appropriate.
 8   I spoke to Mr. Hersl, and at first his thought would be that he
 9   wanted to be outside of the jurisdiction for safety purposes,
10   but now I think he's changed that.
11           I'm going to ask the Court to recommend FCC at
12   Fairton, New Jersey.  But whatever the -- I'm sure whatever the
13   BOP feels is appropriate in this particular case, they'll do.
14              THE COURT:  Okay.  All right.  Thank you.
15           Anything else --
16              MR. PURPURA:  Nothing.  Thank you.
17              THE COURT:  -- that anybody wants to be heard on?
18                     Conference at the bench.
19      (It is the policy of this court that every guilty plea and
20   sentencing proceeding include a bench conference concerning
21   whether the defendant is or is not cooperating.)
22              THE COURT:  Okay. All right.  As you've all heard me
23   say before, and it doesn't change, sentencing is a very
24   difficult process.  There are many things that have to be
25   considered in this case.
```

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**EXHIBIT 1**

1  I'll start with the nature and circumstances of the
2  offense and what are the harms caused by the conduct that the
3  jury did find had been proved as to Mr. Hersl.
4  And, of course, there are harms to the individual
5  victims whose money was taken.  There was undoubtedly a
6  wrongful use of official force.  The gun and the badge enabled
7  taking money, which, again, according to the jury's verdict,
8  and I think the law, was a robbery; but whether it's robbery or
9  theft, this was accomplished by the wrongful use of Mr. Hersl's
10  police authority.
11  It is an abuse of the public trust.  Officers take an
12  oath to uphold the law.  That gives them the right to have that
13  gun and that badge so they can enforce the law, not break it.
14  And the harm that's done to what's already a level of
15  distrust between many in our community and the police is only
16  deepened by these kinds of proven crimes.
17  As has been referenced, the conduct of Mr. Hersl and
18  others has resulted, it would appear, in the dismissal of
19  probably hundreds -- or will result in the dismissal of
20  probably hundreds of other criminal cases, some perhaps
21  involving people wrongly convicted, some people who had, in
22  fact, committed crimes, but those must be dismissed because the
23  credibility of the officers on which the convictions rested has
24  been destroyed.
25  The overtime fraud obviously took money from a city

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**EXHIBIT 1**

that doesn't have any money to spare.  And this overall conduct has, as I've said before, made more difficult the job of the majority of the men and women in uniform here in the city who face danger and hardship every day trying to protect the public, and they do that now in the face of this increased lack of trust.

And as I've said before, it strikes at the foundation of our entire criminal justice system if judges and juries can't rely on the word of sworn law enforcement officers because they're covering up their own crimes, whatever those crimes may be.  Now, so we have very, very serious offenses here.

Obviously, I also need to consider the history and characteristics of Mr. Hersl.  He's been a police officer for a long time.  I don't doubt -- and as his brothers and others have said -- that he has put himself in harm's way in the course of that employment, that he has, in fact, protected others, saved lives, been involved in very stressful and disturbing situations.

I'm sure that he has been and continues to be, obviously, very loyal to his family, to his friends.  I'm sure he's done good things for his community and appreciates the letters of support that have been offered for him and the people that are here for him today, and many of whom were present during the trial, of course.  And I do take that all

1   into account, as I did with others.
2           The letters that have been presented, and in
3   particular Mr. Hersl's letters, certainly show his pain, his
4   faith, his love of family, and that he is -- obviously already
5   has been and is being punished again.  As is true for the other
6   defendants in this case, it's reasonable to think that serving
7   time in the Bureau of Prisons is -- it's difficult for anyone.
8   It may be of particular difficulty for a former police officer.
9           On the other hand, to reflect the seriousness of the
10  offense and promote respect for the law and provide just
11  punishment, I again say there must be a significant period of
12  incarceration.
13          I don't think there's an issue of specific deterrence
14  or recidivism as to Mr. Hersl.
15          But this is clearly one of the cases in my career as a
16  judge where the factor of general deterrence has great
17  importance.  There must be a clear message that officers who
18  break their oaths by robbery, by fraud, by other crimes will be
19  prosecuted and will be justly punished for that conduct.
20          Finally, there is the factor of relative culpability.
21  Mr. Hersl was not a supervisor, was not a sergeant like two of
22  the others that I have sentenced.  He was a fairly senior
23  member of the police force, but not a supervisor.
24          He apparently has committed a relatively similar
25  number of robberies with Mr. Taylor.

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**EXHIBIT 1**

1   There is some indication, there was some indication of
2   drug involvement as to both Mr. Hersl and Mr. Taylor, but,
3   frankly, nothing like the scale or the proof that was offered
4   in regard to Sergeant Jenkins, who received the highest
5   sentence in this case.
6   I balance -- yes, he was a more senior member than
7   Mr. Taylor.  I do note that to some degree, not in a guideline
8   sense, I do believe there has been some acceptance of
9   responsibility by Mr. Hersl.
10  And when I consider all those factors, I find that the
11  sentence that was imposed on Former-Officer Taylor is the same
12  sentence that is fair, reasonable, and just for Mr. Hersl, that
13  is 18 years.  That is 216 months in the custody of the Bureau
14  of Prisons.
15  That is -- I will state that, and you'll tell me if
16  there's any lawful legal objection to anything that I'm saying,
17  but I believe it should be 18 years on Counts 1 and 2 and 5,
18  concurrent, of course, with credit for time served.
19  That there would be a period of three years of
20  supervised release, concurrent on each count to follow, with
21  special conditions of participating in any alcohol abuse
22  treatment program the probation officer recommends and any
23  mental health counseling or treatment the probation officer
24  recommends and providing financial information to the
25  Probation Office.

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**EXHIBIT 1**

1       In that regard, I'll just note briefly, again, we
2  didn't discuss restitution, but is that the same --
3       **MR. WISE:**  We're preparing a global restitution order
4  which we'll be submitting -- circulate to counsel and be
5  submitting after this sentencing and before the other -- I
6  think the remaining sentencings.
7       **THE COURT:**  The restitution will be deferred.
8       His financial circumstances don't permit a fine.
9       There is a required $100 special assessment on each
10 count.  That's a total of $300 that I will impose.
11      I'll certainly make the recommendation to the Bureau
12 of Prisons that they consider a designation to FCI Fairton so
13 he can be close to his family.  That's, again, up to the Bureau
14 of Prisons.  And there are a lot of security issues to
15 consider.
16      And have I left anything out?  Anything I have not
17 addressed?  Any legal objection to that sentence or not
18 covered?
19      **MR. WISE:**  Not from the United States, Your Honor.
20      **MR. PURPURA:**  Your Honor, I might have missed it,
21 supervised release?
22      **MR. WISE:**  Three years.
23      **MR. PURPURA:**  Oh, she said that?  Okay.
24      **THE COURT:**  I'm sorry?
25      **MR. PURPURA:**  I didn't -- I missed it.  You mentioned

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**EXHIBIT 1**

```
 1   it, supervised release.  There's nothing further.
 2             THE COURT:  Sure.  Yes.  Three years concurrent.
 3             I have a note from our courtroom deputy.  Counts 1 and
 4   2 of the original indictment?
 5             MR. WISE:  There was an original indictment.  I don't
 6   recall if we dismiss after trial.  I don't think we do in case
 7   there's an issue on appeal.
 8             THE COURT:  Because of the appeal?
 9             MR. WISE:  Right.
10             THE COURT:  Okay.  All right.
11             Mr. Hersl, obviously, as I'm sure you're aware, you do
12   have a right to appeal, both from the result of the trial, the
13   convictions, and from this sentence.  You will consult with
14   Mr. Purpura about that.
15             But any appeal would need to be noted within 14 days.
16             Do you understand that, sir?
17             THE DEFENDANT:  Yes, Your Honor, I understand.
18             MR. PURPURA:  Your Honor, just on that issue, the
19   Court, based on a filing by Mr. Hersl, had found that Mr. Hersl
20   presently does not have funds for counsel.  And would that hold
21   for the appeal?  Because --
22             THE COURT:  That, I believe, will be up to the
23   Fourth Circuit.
24             MR. PURPURA:  Fourth Circuit.
25             THE COURT:  But if you note the appeal, it is up to
```

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**EXHIBIT 1**