IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. GLR-17-106 |
| DANIEL HERSL | * | |
| Defendant | * | |
| | * * * | |

## **ORDER**

Pending before the Court is Defendant Daniel Hersl's Motion for Compassionate Release pursuant to 18 U.S.C.§3582(c). ECF No. 801. The motion is fully briefed and no hearing is necessary. *See* Local Rules 105.6, 207(D. Md. 2021). For the reasons set forth below the motion will be DENIED.

On June 22, 2017, the grand jury charged the defendant in a six count Superseding Indictment. Specifically count one racketeering conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963; count two racketeering in violation of 18 U.S.C. §§ 1962(c) and 1963; count five Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); and count six possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Subsequent to a jury trial the Defendant was found guilty of counts 1, 2, and 5. Specifically the jury found that the defendant committed at least three robberies as a Baltimore City Police Department Detective. Additionally, the jury found that the Defendant committed additional acts of robbery as well as committing overtime fraud. The Court sentenced the Defendant to 18 years imprisonment and ordered him to pay restitution.

Motions for compassionate relief are governed by 18 U.S.C.§3582(c)(1)(A). Under this

section, a District Court may modify a sentence imposed after a conviction when "extraordinary and compelling reasons warrant such a reduction" and the Court has considered the sentencing factors set forth in section §3353(a) to the extent that they are applicable. A defendant may move for compassionate release only after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after a lapse of thirty (30) days from receipt of such a request by the Warden of the defendant's facility, whichever is earlier. See 18 U.S.C.§3582(c)(1)(A).

In the present case the Defendant has satisfied the administrative exhaustion requirements. The Court therefore must determine (1) whether the Defendant has established the existence of "extraordinary and compelling reasons" for the sentence reduction under the applicable statue and (2) if so, whether granting compassionate release is consistent with the factors set forth in 18 U.S.C.§3553(a).

Turning first to extraordinary and compelling reasons, the United States Sentencing Commission, pursuant to its mandate under 28 U.S.C.§994, has stated that such reasons exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served 10 years or 75 percent of their term of imprisonment; (3) certain family circumstances arise in which the defendant must serve as caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. See U.S.S.G. §1B1.13cmt.n.1(A)-D). Following the passage of the First Step Act of 2018, Pub.L.No.115-391, 132Stat.5194(2018), which "removed the BOP from [its] gate

keeping role," the Court of Appeals for Fourth Circuit has affirmed that "the District Courts are 'empowered to…to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" United States v. McCoy, 981 Fed.3d 271, 274, 284 (4th cir. 2020).

It appears to be undisputed that the Defendant suffers from a significant life threatening terminal medical condition making him eligible to seek compassionate release under § 3582. As a result of the Defendants medical condition, the need for palliative care, his desire to spend time with his family and to prevent unwarranted sentencing disparities among co-defendants he seeks a time served sentence. The Defendant has put forth a release plan that will allow him to spend his remaining days with his family.

The Court now turns to the factors set forth in 18 U.S.C. § 3553(a). First, the nature and circumstances of the offense are extremely serious. The Defendant and others within the criminal organization used their legally authorized police powers to commit violent robberies against Baltimore city residents. The Defendant and his co-conspirators not only irreparably damaged the victims of their criminal acts but the reputation of the Baltimore City Police Department and all of the many law abiding public servants therein.

Although the Defendant asserts he will be at a very low risk of reoffending because of his medical condition, there is a significant need for general deterrence. A message certainly needs to be sent that if you commit criminal conduct or otherwise engage in a racketeering conspiracy you will be held accountable and punished. It is noteworthy that the Defendant has been found to have committed institutional infractions violations while he is serving his current sentence. His behavior demonstrates a continued lack of personal accountability.

Second, as to the Defendants history and characteristics, the Court is sympathetic to his

3

significant medical condition. The Court also recognizes the need for palliative care. The Bureau of Prisons, however, is capable of managing the Defendant's medical condition and he is able to interact with his family during his period of incarceration. While the Defendant may have received commendations and awards while employed as a police officer these accomplishments pale by comparison when considering the damage the Defendant and his co-conspirators inflicted on the institutional reputation of the Baltimore City Police Department and the citizens it serves. Finally, none of the defendants convicted co-conspirators received the equivalent of a time served sentence.

Considering all of the relevant factors outlined in section 3553 (a) the Court is not persuaded that the Defendant is entitled to the relief he has requested.

November 20, 2023                                          _____/s/_____
                                                           George L. Russell, III
                                                           United States District Judge