```
1                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND
2                            NORTHERN DIVISION

3     UNITED STATES OF AMERICA,   )
            Plaintiff,            )
4                                 )
            vs.                   )  CRIMINAL CASE NO. CCB-17-106
5                                 )
      DANIEL THOMAS HERSL,        )
6           Defendant.            )
      _____)
7

8                        Friday, June 22, 2018
                            Courtroom 1A
9                        Baltimore, Maryland

10

11           BEFORE:  THE HONORABLE CATHERINE C. BLAKE, JUDGE

12               MOTION FOR NEW TRIAL - SENTENCING

13    For the Plaintiff:

14    Leo J. Wise, Esquire
      Derek E. Hines, Esquire
15    Assistant United States Attorneys

16    For the Defendant:

17    William Purpura, Jr., Esquire

18    Also Present:

19    Gina Swillo, U.S. Probation Officer
      Special Agent Kevin Bodmer, FBI
20
      _____
21

22
                            Reported by:
23
                       Douglas J. Zweizig, RDR, CRR
24                     Federal Official Court Reporter
                       101 W. Lombard Street, 4th Floor
25                       Baltimore, Maryland  21201
```

**EXHIBIT 1**

```
 1          THE COURT:  -- mental health.

 2          Is there anything specific by way of recommendation to

 3   the Bureau of Prisons that you would be looking for?  I think

 4   designation of the facility is complex because of his prior

 5   employment, but --

 6          MR. PURPURA:  Actually, obviously, I hope -- and I

 7   spoke to the BOP, and hopefully they can do what's appropriate.

 8   I spoke to Mr. Hersl, and at first his thought would be that he

 9   wanted to be outside of the jurisdiction for safety purposes,

10   but now I think he's changed that.

11          I'm going to ask the Court to recommend FCC at

12   Fairton, New Jersey.  But whatever the -- I'm sure whatever the

13   BOP feels is appropriate in this particular case, they'll do.

14          THE COURT:  Okay.  All right.  Thank you.

15          Anything else --

16          MR. PURPURA:  Nothing.  Thank you.

17          THE COURT:  -- that anybody wants to be heard on?

18                      Conference at the bench.

19      (It is the policy of this court that every guilty plea and

20   sentencing proceeding include a bench conference concerning

21   whether the defendant is or is not cooperating.)

22          THE COURT:  Okay.  All right.  As you've all heard me

23   say before, and it doesn't change, sentencing is a very

24   difficult process.  There are many things that have to be

25   considered in this case.
```

**EXHIBIT 1**

1        I'll start with the nature and circumstances of the

2 offense and what are the harms caused by the conduct that the

3 jury did find had been proved as to Mr. Hersl.

4        And, of course, there are harms to the individual

5 victims whose money was taken. There was undoubtedly a

6 wrongful use of official force. The gun and the badge enabled

7 taking money, which, again, according to the jury's verdict,

8 and I think the law, was a robbery; but whether it's robbery or

9 theft, this was accomplished by the wrongful use of Mr. Hersl's

10 police authority.

11        It is an abuse of the public trust. Officers take an

12 oath to uphold the law. That gives them the right to have that

13 gun and that badge so they can enforce the law, not break it.

14        And the harm that's done to what's already a level of

15 distrust between many in our community and the police is only

16 deepened by these kinds of proven crimes.

17        As has been referenced, the conduct of Mr. Hersl and

18 others has resulted, it would appear, in the dismissal of

19 probably hundreds -- or will result in the dismissal of

20 probably hundreds of other criminal cases, some perhaps

21 involving people wrongly convicted, some people who had, in

22 fact, committed crimes, but those must be dismissed because the

23 credibility of the officers on which the convictions rested has

24 been destroyed.

25        The overtime fraud obviously took money from a city

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**EXHIBIT 1**

1   that doesn't have any money to spare.  And this overall conduct

2   has, as I've said before, made more difficult the job of the

3   majority of the men and women in uniform here in the city who

4   face danger and hardship every day trying to protect the

5   public, and they do that now in the face of this increased lack

6   of trust.

7          And as I've said before, it strikes at the foundation

8   of our entire criminal justice system if judges and juries

9   can't rely on the word of sworn law enforcement officers

10  because they're covering up their own crimes, whatever those

11  crimes may be.  Now, so we have very, very serious offenses

12  here.

13         Obviously, I also need to consider the history and

14  characteristics of Mr. Hersl.  He's been a police officer for a

15  long time.  I don't doubt -- and as his brothers and others

16  have said -- that he has put himself in harm's way in the

17  course of that employment, that he has, in fact, protected

18  others, saved lives, been involved in very stressful and

19  disturbing situations.

20         I'm sure that he has been and continues to be,

21  obviously, very loyal to his family, to his friends.  I'm sure

22  he's done good things for his community and appreciates the

23  letters of support that have been offered for him and the

24  people that are here for him today, and many of whom were

25  present during the trial, of course.  And I do take that all

**EXHIBIT 1**

1    into account, as I did with others.

2         The letters that have been presented, and in

3    particular Mr. Hersl's letters, certainly show his pain, his

4    faith, his love of family, and that he is -- obviously already

5    has been and is being punished again.  As is true for the other

6    defendants in this case, it's reasonable to think that serving

7    time in the Bureau of Prisons is -- it's difficult for anyone.

8    It may be of particular difficulty for a former police officer.

9         On the other hand, to reflect the seriousness of the

10   offense and promote respect for the law and provide just

11   punishment, I again say there must be a significant period of

12   incarceration.

13        I don't think there's an issue of specific deterrence

14   or recidivism as to Mr. Hersl.

15        But this is clearly one of the cases in my career as a

16   judge where the factor of general deterrence has great

17   importance.  There must be a clear message that officers who

18   break their oaths by robbery, by fraud, by other crimes will be

19   prosecuted and will be justly punished for that conduct.

20        Finally, there is the factor of relative culpability.

21   Mr. Hersl was not a supervisor, was not a sergeant like two of

22   the others that I have sentenced.  He was a fairly senior

23   member of the police force, but not a supervisor.

24        He apparently has committed a relatively similar

25   number of robberies with Mr. Taylor.

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**EXHIBIT 1**

1    There is some indication, there was some indication of

2    drug involvement as to both Mr. Hersl and Mr. Taylor, but,

3    frankly, nothing like the scale or the proof that was offered

4    in regard to Sergeant Jenkins, who received the highest

5    sentence in this case.

6    I balance -- yes, he was a more senior member than

7    Mr. Taylor.  I do note that to some degree, not in a guideline

8    sense, I do believe there has been some acceptance of

9    responsibility by Mr. Hersl.

10   And when I consider all those factors, I find that the

11   sentence that was imposed on Former-Officer Taylor is the same

12   sentence that is fair, reasonable, and just for Mr. Hersl, that

13   is 18 years.  That is 216 months in the custody of the Bureau

14   of Prisons.

15   That is -- I will state that, and you'll tell me if

16   there's any lawful legal objection to anything that I'm saying,

17   but I believe it should be 18 years on Counts 1 and 2 and 5,

18   concurrent, of course, with credit for time served.

19   That there would be a period of three years of

20   supervised release, concurrent on each count to follow, with

21   special conditions of participating in any alcohol abuse

22   treatment program the probation officer recommends and any

23   mental health counseling or treatment the probation officer

24   recommends and providing financial information to the

25   Probation Office.

**EXHIBIT 1**

1          In that regard, I'll just note briefly, again, we

2     didn't discuss restitution, but is that the same --

3          **MR. WISE:**  We're preparing a global restitution order

4     which we'll be submitting -- circulate to counsel and be

5     submitting after this sentencing and before the other -- I

6     think the remaining sentencings.

7          **THE COURT:**  The restitution will be deferred.

8          His financial circumstances don't permit a fine.

9          There is a required $100 special assessment on each

10    count.  That's a total of $300 that I will impose.

11         I'll certainly make the recommendation to the Bureau

12    of Prisons that they consider a designation to FCI Fairton so

13    he can be close to his family.  That's, again, up to the Bureau

14    of Prisons.  And there are a lot of security issues to

15    consider.

16         And have I left anything out?  Anything I have not

17    addressed?  Any legal objection to that sentence or not

18    covered?

19         **MR. WISE:**  Not from the United States, Your Honor.

20         **MR. PURPURA:**  Your Honor, I might have missed it,

21    supervised release?

22         **MR. WISE:**  Three years.

23         **MR. PURPURA:**  Oh, she said that?  Okay.

24         **THE COURT:**  I'm sorry?

25         **MR. PURPURA:**  I didn't -- I missed it.  You mentioned

1    it, supervised release.  There's nothing further.

2           **THE COURT:**  Sure.  Yes.  Three years concurrent.

3           I have a note from our courtroom deputy.  Counts 1 and

4    2 of the original indictment?

5           **MR. WISE:**  There was an original indictment.  I don't

6    recall if we dismiss after trial.  I don't think we do in case

7    there's an issue on appeal.

8           **THE COURT:**  Because of the appeal?

9           **MR. WISE:**  Right.

10          **THE COURT:**  Okay.  All right.

11          Mr. Hersl, obviously, as I'm sure you're aware, you do

12    have a right to appeal, both from the result of the trial, the

13    convictions, and from this sentence.  You will consult with

14    Mr. Purpura about that.

15          But any appeal would need to be noted within 14 days.

16          Do you understand that, sir?

17          **THE DEFENDANT:**  Yes, Your Honor, I understand.

18          **MR. PURPURA:**  Your Honor, just on that issue, the

19    Court, based on a filing by Mr. Hersl, had found that Mr. Hersl

20    presently does not have funds for counsel.  And would that hold

21    for the appeal?  Because --

22          **THE COURT:**  That, I believe, will be up to the

23    Fourth Circuit.

24          **MR. PURPURA:**  Fourth Circuit.

25          **THE COURT:**  But if you note the appeal, it is up to

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**EXHIBIT 1**